**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA STOTT,                                            No. C 05-03579 SI

        Plaintiff,                                    **ORDER REGARDING DISCOVERY**

  v.

RELIANCE STANDARD LIFE INSURANCE COMPANY, et al.,

        Defendants.
                                   /

The parties have filed a number of letter briefs concerning whether and to what extent plaintiff should be allowed to take discovery.[1] At the January 6, 2006 case management conference, the Court indicated its view that plaintiff should be allowed to take limited discovery on the issue of whether defendants had a conflict of interest because evidence of conflict of interest is relevant to determining the standard of review. *See Medford v. Metropolitan Life Ins.* Co., 244 F. Supp. 2d 1120, 1128-29 (D. Nev. 2003); *see also Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976 (9th Cir. 1999). The Court directed the parties to meet and confer on the scope of such discovery, and to present any remaining disputes to the Court through supplemental letter briefs.

By letter dated January 20, 2006, defendants have offered to stipulate to a *de novo* review subject to two conditions: (1) plaintiff must agree to no longer seek discovery, and (2) plaintiff must stipulate that the Court's review will be limited to the evidence in the administrative record. Defendants also generally object to plaintiff's discovery as not narrowly tailored to the conflict of interest issue, although

---

[1] The parties' letter briefs are found at Docket Nos. 28, 29, and 35. Two letters from plaintiff, dated January 13, 2006 and January 23, 2006, do not appear on the docket.

they fail to specify how any particular discovery request is overbroad. Plaintiff refuses to agree to defendants' conditional stipulation, contending that the district court has discretion to consider evidence outside the administrative record when conducting a *de novo* review of a benefits decision.

The Ninth Circuit has held that in reviewing administrative decisions in the ERISA context, "new evidence may be considered under certain circumstances to enable the full exercise of informed and independent judgment." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995). The court has emphasized, however, that the district court should exercise this discretion only when "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Id.* (quoting *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)).

The Court agrees with plaintiff that defendants' stipulation to a *de novo* review does not entirely moot the need for discovery, as it might be appropriate to allow some limited discovery directed at supplementing the record. However, if defendants stipulate to a *de novo* review, the Court believes that the scope of discovery would be narrower than it would in the absence of such a stipulation. Accordingly, the Court directs the parties to engage in a further meet and confer regarding the following: (1) whether the parties will stipulate to a *de novo* review; (2) if the parties stipulate to a *de novo* review, what limited discovery will be conducted; and (3) if the parties do not stipulate to a *de novo* review, defendants must identify which discovery requests are not narrowly tailored to the conflict of interest issue. The parties shall conduct a further meet and confer by **February 1, 2006**, and if the meet and confer is unsuccessful, shall file simultaneous letter briefs by **February 3, 2006**.

**IT IS SO ORDERED.**

Dated: January 25, 2006

SUSAN ILLSTON
United States District Judge

2