IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA STOTT,<br><br>     Plaintiff,<br><br>  v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, et al.,<br><br>     Defendants.<br>_____/ | No. C 05-03579 SI<br><br>**ORDER REGARDING DISCOVERY** |

In response to the Court's January 25, 2006 order directing a further meet and confer, the parties have filed several letter briefs concerning whether and to what extent plaintiff should be allowed to take discovery.[1] The parties have not stipulated to a *de novo* standard of review, which would have affected the scope of discovery. Accordingly, as the Court has previously held, plaintiff will be allowed to take limited discovery on the issue of whether defendants had a conflict of interest because evidence of conflict of interest is relevant to determining the standard of review. *See Medford v. Metropolitan Life Ins.* Co., 244 F. Supp. 2d 1120, 1128-29 (D. Nev. 2003); *see also Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976 (9th Cir. 1999).

Plaintiff's January 13, 2006 letter attached the proposed discovery that plaintiff wishes to take on the conflict of interest issue.[2] Plaintiff's proposed discovery consists of (1) interrogatories for Reliance Standard Life Insurance Company; (2) interrogatories for Dionex Corporation; (3) requests

---

[1] The parties' letter briefs are found at Docket Nos. 39 and 40.

[2] The Court understands that the discovery proposed in plaintiff's January 30, 2006 letter, and the compromise suggested in plaintiff's February 3, 2006 letter, is the discovery proposed only if a *de novo* standard of review is adopted.

for admission; (4) requests for production of documents; (5) the deposition of Robert O'Neill; (6) the deposition of Marianne Lubracht; (7) the deposition of Antoinette Penn; and (8) the deposition of Dr. William Hauptman.[3] The Court's January 25, 2006 order stated that if the parties were not able to stipulate to a *de novo* standard of review, defendants must identify which of these discovery requests are not narrowly tailored to the conflict of interest issue. Defendants' February 2, 2006 letter raises a number of objections to this discovery.

**1.     Interrogatories for Reliance Standard Life Insurance Company**

Defendants object that "for the majority of the interrogatories, the answers are already known to plaintiff through the administrative record." Defendants do not object that this discovery is irrelevant to the conflict of interest issue. Accordingly, defendants' objection is OVERRULED, and plaintiff will be allowed to propound these interrogatories.

**2.     Interrogatories for Dionex Corporation**

Defendants object to any interrogatories concerning Dionex's decision to transfer administration of the policy to Reliance as irrelevant to whether Reliance had a conflict of interest. Plaintiff's February 3, 2006 letter asserts, without explanation, that this discovery is relevant. The Court agrees that plaintiff has not shown that the majority of these interrogatories (Interrogatories 1-6) are narrowly tailored to the conflict of interest issue. The Court finds Interrogatories 7 and 8, which ask whether Dionex was "aware of an actual conflict of interest in this case by Reliance," are relevant, and plaintiff will be allowed to propound these two interrogatories.

**3.     Requests for admission**

Defendants object to any requests for admission relating to Dr. Hauptman as not narrowly tailored to the conflict of interest issue. The Court disagrees and OVERRULES the objection. Because defendants relied on Dr. Hauptman's review and recommendations, Dr. Hauptman's review in this case

---

[3] As discussed *infra*, plaintiff also wishes to take the deposition of the coroner who examined Mr. Stott.

and other cases is relevant.

Defendants also object that some requests for admission ask for a legal conclusion, and others supposedly reflect a "significant misunderstanding of the law of ERISA by counsel." These objections do not go to the issue of whether any particular request for admission is not narrowly tailored to the conflict of interest issue. Defendants are free to raise these objections when they provide their responses to the requests for admission.

Accordingly, plaintiff is permitted to propound the requests for admission.

**4.     Requests for production of documents**

Defendants object to certain requests as being unrelated to the conflict of interest question. For the reasons stated *supra*, defendants' objection to Request No. 1 regarding Dr. Hauptman's review is OVERRULED. Defendants' objection to Request Nos. 4 and 5 is SUSTAINED. The Court adopts defendants' proposed compromise, and accordingly directs defendants to produce an index for its claim management policies, procedures, manuals and guides,. After review of the index by plaintiff, defendants shall produce the relevant documents requested by plaintiff. If the parties dispute which documents are relevant, they shall present that dispute to the Court by letter briefs. Defendants' objection to Request No. 12 is OVERRULED, as information about the qualifications of the nurse who reviewed the claim could be relevant. Defendants' objection to Request Nos. 13 and 14 is SUSTAINED. These requests, which seek all documents constituting communications between Dionex Corporation and all of its affiliated companies and employees, agents, and assignees regarding Dean Stott, the claim in this case, the administration of the policy, and/or this litigation from January 1, 2002 through the present is overbroad and not narrowly tailored to the conflict of interest issue.

Defendants also object that they have already produced the "administrative record" which responds to the majority of the requests for production of documents. Regardless of whether this is true, this objection does not go to the issue of whether any of the requests are not narrowly tailored to the conflict of interest issue. In preparing their responses to the requests for production of documents, to the extent that defendants have already produced the "administrative record" to plaintiff, defendants shall specifically identify these documents.

3

Accordingly, plaintiff is permitted to propound all of the requests for production of documents except Request Nos. 4, 5, 13 and 14.

**5.     Depositions**

Plaintiff wishes to take the depositions of the following individuals: (1) Antoinette Penn, a former employee who initially denied the claim; (2) Robert O'Neill, the individual who denied the claim on appeal; (3) Marianne Lubracht, a Reliance employee; (4) Dr. William Hauptman; and (5) the coroner who performed the autopsy on plaintiff's husband.  Defendants oppose all of these depositions, and instead have offered a single deposition of the person most knowledgeable regarding the handling of the claim.

There is no information in plaintiff's papers regarding who Ms. Lubracht is, or why her deposition is necessary to explore the conflict of interest issue.[4]  In addition, although plaintiff's January 13, 2006 and February 3, 2006 letters address why the depositions of Ms. Penn and Dr. Hauptman are necessary, there is no discussion of Mr. O'Neill.

The Court will allow plaintiff to take the depositions of Ms. Penn and Dr. Hauptman, for no more than 5 hours each, because these are the individuals who are most likely to have information relevant to the conflict of interest issue.  Plaintiff's request to take the depositions of Mr. O'Neill and Ms. Lubracht is DENIED.

Plaintiff's February 3, 2006 letter states that the deposition of the coroner is directed at supplementing the record and is not aimed at the conflict of interest issue.  Accordingly, plaintiff's request to take the coroner's deposition is DENIED WITHOUT PREJUDICE.  As discussed *infra*, if the Court determines that a *de novo* review applies, plaintiff may renew her request to take this deposition.

**6.     Discovery to supplement the record**

If the Court later determines that *de novo* review is the appropriate standard of review, plaintiff

---

[4] It appears from defendants' letter brief that Ms. Lubracht is a nurse who reviewed medical records in the case.

4

may at that time request leave to propound additional limited discovery directed at supplementing the record. *See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995). The Ninth Circuit has emphasized that the district court should exercise its discretion, however, only when "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Id.* (quoting *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)).

## CONCLUSION

Plaintiff shall propound written discovery and serve deposition subpoenas in accordance with this order no later than **March 10, 2006**. Defendants' responses to the written discovery shall be due according to the Civil Local Rules and the Federal Rules of Civil Procedure. The parties shall meet and confer on the scheduling of the depositions as required by the Civil Local Rules.

**IT IS SO ORDERED.**

Dated: March 2, 2006

SUSAN ILLSTON
United States District Judge